**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAWN STEWART** )<br>  )<br>             **Plaintiff,** )<br>  **vs.**  )<br>  )<br>**COLLECTCORP CORPORATION** )<br>  )<br>             **Defendant.** )<br>  ) | **Civil Action No.** |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Dawn Stewart is an adult individual residing at 183 Maple Drive, Latrobe, PA 15650.

5. Defendant Collectcorp Corporation is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 455 N. 3rd Street, Suite 260, Phoenix, AZ 85004. The principal purpose of Defendant is the collection of debts using the

mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. **FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired by Chase to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Bank of America (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. On or about September 5, 2008, a representative, employee and/or agent from Defendant identifying himself as "Hitram Singh" contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt. During the conversation, Plaintiff told Mr. Singh that Defendant was not call her at her place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

9. Notwithstanding the above, on or about September 10, 2008, Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt. During the conversation, Mr. Singh spoke to one of Plaintiff's coworkers and disclosed the debt.

10. Notwithstanding the above, on or about September 12, 2008, Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

11. Notwithstanding the above, on or about September 16, 2008, Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

12. Notwithstanding the above, on or about September 17, 2008, Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent

to annoy, harass, and abuse such persons contacted.  During this conversation, Mr. Singh spoke to one of Plaintiff's coworkers and disclosed the debt.

13. Notwithstanding the above, on or about September 17, 2008, Defendant contacted Plaintiff at her place of employment for a second time on that day in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.  During this conversation, Defendant falsely threatened to contact the human resourced department at Plaintiff's employer and have her wages garnished.

14. Notwithstanding the above, on or about September 18, 2008, Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

15. On or about September 18, 2008, Plaintiff wrote and sent to Defendant a letter (hereafter the "Cease and Desist Letter") which, *inter alia*, directed Defendant to cease and desist from any communications with Plaintiff at her place of employment.

16. Notwithstanding the above, on or about September 29, 2008, Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.  During this conversation, Mr. Singh spoke to one of Plaintiff's coworkers and disclosed the debt.

17. Notwithstanding the above, on or about October 3, 2008, Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

18. Notwithstanding the above, on or about October 6, 2008, Mr. Singh contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

19.     Notwithstanding the above, on or about October 13, 2008, Mr. Singh contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

20.     Notwithstanding the above, on or about October 16, 2008, Mr. Singh contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

21.     The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate with the Plaintiff at her place of employment when the Defendant knew or had reason to know that such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

22.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend and could not legally take to take for the purpose of coercing Plaintiff to pay the debt.

23.     The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate directly with Plaintiff with regards to the debt after Plaintiff had notified Defendant in writing to cease further communications.

24.     The Defendant acted in a false, deceptive, misleading and unfair manner by disclosing the debt to Plaintiff's coworkers.

25.     Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

26.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

27.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

28.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.  **FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA**

29.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

31.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

32.     The above contacts by Defendant are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

33.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692c(c), 1692d, 1692e, 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

>   (a)  Communicating with persons other than the Plaintiff that Plaintiff owes a debt;
>
>   (b)  Communicating with persons other than the Plaintiff on more than one occasion;
>
>   (c)  Communicating with Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient for Plaintiff;
>
>   (d)  Communicating with the Plaintiff at Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;
>
>   (e)  Contacting Plaintiff after he had notified Defendant in writing to cease contacting him;
>
>   (f)  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;
>
>   (g)  Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and
>
>   (h)  Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

34.  Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

35.  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

38. Plaintiff is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

39. The above contacts made between the Plaintiff and Defendant were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

40. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(i) Communicating with persons other than the Plaintiff that Plaintiff owes a debt;

(j) Communicating with persons other than the Plaintiff on more than one occasion;

    (k)    Communicating with Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient for Plaintiff;

    (l)    Communicating with the Plaintiff at Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

    (m)    Contacting Plaintiff after he had notified Defendant in writing to cease contacting him;

    (n)    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (o)    Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and

    (p)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

41.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

42.    As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully pray that relief be granted as follows:

    (a)    That an order be entered declaring that Defendant's actions as described above are in violation of the FCEUA and the UTPCPL;

(b)  That an order be entered enjoining Defendant from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

(c)  That judgment be entered against Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(d)  That judgment be entered against Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(e)  That judgment be entered against Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(f)  That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g)  That the Court grant such other and further relief as may be just and proper.

## VII.    THIRD CLAIM FOR RELIEF-INVASION OF PRIVACY

43.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44.    Defendant continuously and repeatedly contacting Plaintiff at Plaintiff's place of employment constitutes an invasion of privacy.

45.    As a result of Defendant's above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

### VIII   FOURTH CLAIM FOR RELIEF- INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. As a result of Defendant's reckless and intentional conduct, Plaintiff sustained mental and physical distress as more fully outlined above.

48. Due to the reckless and intentional conduct of the Defendant, it was foreseeable that Plaintiff would suffer severe emotional distress, harm to her physical and psychological well-being and stress to the present day, as more fully outlined above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendants and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

### IX.   JURY TRIAL DEMAND

49. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:  _/s/ Mark D. Mailman_____
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQ
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE:  November 5, 2008